IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| GREG BOSTARD and TONY ROCKHILL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC. and VERIZON NEW JERSEY, INC.,<br><br>Defendants. | Case No.: 1:23-CV-08564<br><br>Hon. Joseph H. Rodriguez |

**<u>DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Defendants (collectively, "Verizon") respectfully submit this Notice of Supplemental Authority in support of their Motion to Dismiss the Second Amended Complaint (Dkt. 27). On February 7, 2025, another District Court in the Third Circuit dismissed a complaint with the same allegations asserted in this case, involving the same plaintiffs' counsel, holding the allegations insufficient to allege Article III standing. *See* Exhibit A, Opinion, *Tiger v. Verizon Commc'ns Inc., et al.*, No. 23-cv-1618 (W.D. Pa.).

Plaintiffs here allege standing based on alleged exposure to lead-sheathed telecommunications cables during their employment as utility pole workers:

> cables sit above Verizon's lead-sheathed cables. So, to reach Comcast's aerial cables, Mr. Bostard had to climb over Verizon's lead-sheathed cables. Mr. Bostard's clothes and body would regularly rub against Verizon's lead-sheathed cables as he climbed up the utility poles to reach Comcast's aerial cables. Mr. Bostard also used Verizon's lead-sheathed cables to hook in while he worked on Comcast's aerial cables. To hook in, Mr. Bostard would use his hands to wrap a strap around Verizon's lead-sheathed cables. That required him to grab Verizon's lead-sheathed cables. As Mr. Bostard perspired, he would rub his face, including his eyes and mouth with his hands that had been in direct contact with Verizon's lead-sheathed cables. During lunch, Mr. Bostard would use his hands to eat. As a result, Mr. Bostard was in direct and regular contact with Verizon's lead-sheathed cables and ingested and inhaled lead from Verizon's lead-sheathed cables during the

2d Am. Compl. ¶ 14 (highlighting added); *see also id*. ¶ 16 (making the same standing allegations for Plaintiff Rockhill). Plaintiffs do not allege any personal injury, but seek medical monitoring and other relief based on claims of negligence, negligence per se, and public nuisance. *Id*. ¶¶ 96-141.

In *Tiger*, the plaintiff made the same allegations of exposure, also in support of requests for medical monitoring and other relief based on claims of negligence, negligence per se, and public nuisance:

> cables on the utility poles. So, to reach Comcast's aerial cables, Mr. Tiger had to climb over Verizon's lead-sheathed cables. Mr. Tiger's clothes and body would regularly rub against Verizon's lead-sheathed cables as he climbed up the utility poles to reach Comcast's aerial cables. Mr. Tiger also used Verizon's lead-sheathed cables to hook in while he worked on Comcast's aerial cables. To hook in, Mr. Tiger would use his hands to wrap a strap around Verizon's lead-sheathed cables. That required him to grab Verizon's lead-sheathed cables. As Mr. Tiger perspired, he would rub his face, including his eyes and mouth, with his hands that had been in direct contact with Verizon's lead-sheathed cables. During lunch, Mr. Tiger would use his hands to eat. As a result, Mr. Tiger was in direct and regular contact with Verizon's lead-sheathed cables and ingested and inhaled lead from Verizon's lead-sheathed cables. While working with Verizon's lead-

Exhibit B, *Tiger* Amended Complaint ¶ 15 (highlighting added). Both cases likewise allege that Plaintiffs have "suffered a present economic injury in the form of the cost of medical care made necessary by Defendants' negligent actions." *Id*.; *see also* 2d Amend. Compl. ¶ 14.

On February 7, 2025, the District Court in *Tiger* granted a motion to dismiss all claims for lack of standing. Assessing allegations virtually identical to those in this case, the *Tiger* court held that: the plaintiff "hasn't alleged the presence of *elevated* levels of lead in his body" and "has not taken any blood or bone testing to measure the amount of lead that is presently in his body"; the "mere exposure to lead—and the mere presence of lead in one's body—isn't a concrete injury"; "a present need to obtain medical testing doesn't transform into a present economic injury sufficient to confer standing"; and "future lead exposure would [be] conjectural." Ex. A at 5-12. Accordingly, the court held that the *Tiger* complaint "fails to plead any cognizable injury-in-fact" because its "theories of injury … and too conjectural and speculative," and granted Verizon Communications Inc.'s motion to dismiss for lack of standing. *Id*. at 1, 13. The same pleading deficiencies apply to the allegations set forth in *Bostard*.

Dated: February 10, 2025          Respectfully submitted,

                                         /s/ *Jennifer L. Del Medico*
                                         Jennifer Del Medico
                                         JONES DAY
                                         250 Vesey Street
                                         New York, NY 10281
                                         Tel: 212-326-3658
                                         jdelmedico@jonesday.com

                                         Alisann K. Anderson *(pro hac vice)*
                                         JONES DAY
                                         110 N. Wacker Dr., Ste. 4800
                                         Chicago, IL
                                         Tel: 312-269-4228
                                         akanderson@jonesday.com

                                         *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on February 10, 2025, a copy of the foregoing was filed using the CM/ECF system, which will effectuate service on all counsel of record.

                                           /s/ *Jennifer L. Del Medico*
                                           Jennifer L. Del Medico

                                           Counsel for Defendants